**SO ORDERED.**

**SIGNED this 09 day of December, 2011.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION**

IN RE:

| | |
|---|---|
| **DONALD LEE GROFF,** | **CHAPTER 11** |
| **JUDY MCLEAN GROFF,** | **CASE NUMBER: 11-00329-8-RDD** |
|     **DEBTORS** | |
| **DONALD LEE GROFF,** | **ADVERSARY PROCEEDING** |
| **JUDY MCLEAN GROFF,** | **NUMBER: 11-00284-8-RDD** |
|     **Plaintiffs** | |
|     v. | |
| **JPMORGAN CHASE BANK, N.A.,** | |
|     **Defendant.** | |

**ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING,
GRANTING ORAL MOTION FOR LEAVE TO AMEND COMPLAINT, AND SETTING
DEADLINES FOR FILING AMENDED COMPLAINT AND RESPONSES THERETO**

Pending before the Court is the Motion to Dismiss Adversary Proceeding (the "Motion") filed by JPMorgan Chase Bank, N.A. ("JPMorgan") on November 7, 2011 (the "Motion") and the Response to Defendant's Motion to Dismiss filed by Donald Lee Groff and Judy McLean Groff (the "Plaintiffs") on November 28, 2011 (the "Response"). On December 5, 2011, the Court conducted a hearing on the Motion and the Response in Wilson, North Carolina.

On January 14, 2011, the Plaintiffs filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Plaintiffs commenced this adversary proceeding on August 3, 2011 with the filing of their complaint against JPMorgan. The complaint seeks to recover an alleged preferential transfer from JPMorgan pursuant to 11 U.S.C. § 547(b). Specifically, the Plaintiffs allege that a transfer from the Plaintiffs to JPMorgan in the amount of $150,150.00 was made on October 18, 2010, within ninety (90) days preceding the petition date.

On November 7, 2011, JPMorgan filed the present Motion requesting the Court dismiss the Plaintiffs' complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

In response, the Plaintiffs contend that the complaint contains sufficient factual allegations to state a claim.[1] Additionally, the Plaintiffs ask the Court to take judicial notice of a Certificate of

---

[1] The Plaintiffs' complaint reads, in pertinent part:

**FACTUAL ALLEGATION**

6. Plaintiffs made a payment of $150,150.00 to Defendant on October 18, 2010.

**FIRST CAUSE OF ACTION**
**(Preferential Transfer)**

7. The Plaintiffs reallege and incorporate by reference paragraphs 1 through 6 as if fully set forth herein.
8. The payment was made to, or for the benefit of, the Defendant on or within ninety (90) days of the Petition Date.
9. Said payment constitutes a transfer of an interest in property of the Plaintiffs.
10. The Defendant was a creditor of the Plaintiffs at the time the transfer was made.
11. The transfer was for or on account of an antecedent debt owed by the Plaintiffs to the Defendant.
12. The Plaintiffs were insolvent at the time of the transfer.
13. The transfer, if not avoided, would enable the Defendant to receive more than it would receive if this case were one under Chapter 7 of the United States Bankruptcy Code.
14. Pursuant to 11 U.S.C. § 547(b), the transfer is avoidable.

Satisfaction filed by JPMorgan in the Onslow County office of the Register of Deeds on November 4, 2010.

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Angell v. Ber Care, Inc.* (*In re Caremerica, Inc.*) 409 B.R. 737, 745 (Bankr. E.D.N.C. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). The heightened pleading standard as adopted in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to pleadings of preference actions. *Ber Care, Inc.*, 409 B.R. at 750. There are "two working principles" upon which the heightened pleading standard rests:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Id.* at 747 (quoting *Iqbal*, at 1949). A complaint to recover preferences pursuant to 11 U.S.C. § 547 must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer." *Id.* at 748 (quoting *In re Valley Media, Inc.*, 288 B.R. 189, 192 (Bankr. D. Del. 2003)).

In large part, the Plaintiffs' complaint consists of conclusory statements which lack factual support. The complaint recites the necessary elements of a cause of action under 11 U.S.C. § 547(b), but does not provide enough factual allegations to establish a plausible claim. The two-page complaint alleges a single factual allegation namely being that the "Plaintiffs made a payment of

$150,150.00 to Defendant on October 18, 2010." *Compl.* ¶ 6. Except for this one factual allegation, Plaintiffs' complaint is merely a recitation of 11 U.S.C. § 547(b). *See supra* note 1. The Plaintiffs did not attach any supporting documentation to the complaint nor did they reference any supporting documentation or public records within the complaint.

The complaint fails to plead sufficient facts to support the various elements of its preference cause of action.² The Plaintiffs must assert supporting facts that the transfer was made "to or for the benefit of a creditor." 11 U.S.C. § 547(b)(1). Here, the complaint asserts "Plaintiffs made a payment of $150,150.00 to Defendant on October 18, 2010." *Compl.* ¶ 6. Additionally, the complaint alleges that the "payment was made to, or for the benefit of, the Defendant on or within ninety (90) days of the Petition Date." *Compl.* ¶ 8. The complaint also alleges that "[t]he Defendant was a creditor of the Plaintiffs at the time the transfer was made." *Compl.* ¶ 10. The Plaintiffs' Chapter 11 Plan did not provide treatment as to a claim of JPMorgan. JPMorgan was not served with the Disclosure Statement or the Chapter 11 Plan. The complaint is devoid of any factual allegations that JPMorgan

---

²Section 547(b) provides:
(b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property -
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made -
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if-
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

was a creditor of the Plaintiffs and that the payment made by the Plaintiffs was to satisfy a debt it owed.

Additionally, the Plaintiffs must assert facts regarding both the nature and amount of an antecedent debt, which, if true, would render the assertion that a transfer was made for or on account of an antecedent debt plausible. *Ber Care Inc.*, 409 B.R. at 751. "Mere conclusory statements that the transfers were made on account of an antecedent debt owed by the transferor are insufficient." *Beaman v. Barth, et al.* (*In re Amerlink, Ltd.*) AP No. 10-00164-8-JRL at 7 (Bankr. E.D.N.C. Mar. 11, 2011). As to this element, the complaint alleges the conclusory statement that the "transfer was for or on account of an antecedent debt owed by the Plaintiffs to the Defendant." *Compl.* ¶ 11. Other than this statement, the complaint fails to allege any facts supporting the existence of an antecedent debt.

In the Response, the Plaintiffs ask the Court to take judicial notice of the Certificate of Satisfaction filed by JPMorgan in the Onslow County office of the Register of Deeds on November 4, 2010. The Plaintiffs contend that the Certificate of Satisfaction establishes multiple elements of its preference cause of action. The Plaintiffs argue, that the Certificate of Satisfaction is a public record and the Court may take judicial notice of matters of public record. While it is questionable whether the Certificate of Satisfaction establishes any of the elements alleged in the Plaintiffs' complaint, the Court will not consider the Certificate of Satisfaction in making its determination on the Motion. *See* 2 *Moore's Federal Practice*, § 12.34[2] (Matthew Bender 3d ed.) (stating that the "court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)"). Courts "*may* consider the following [when determining whether a complaint should be dismissed]: [d]ocuments

attached to complaint[;] [u]ndisputed documents alleged or referenced in complaint[; and] [p]ublic records." *Id.* (emphasis added). However, it is not mandatory that the court consider public records in deciding a motion to dismiss and the court may use its discretion in taking judicial notice of public records. *Dippin' Dots, Inc. v. Frosty Bites Distribution, Inc.* 369 F.3d 1197, 1204-05 (11th Cir. 2004). After *Iqbal* and *Twombly*, this Court is reluctant to consider such matters of public record not alleged in the pleadings.

Here, the Certificate of Satisfaction was not referenced in the complaint and the complaint did not request that the Court take judicial notice of the Certificate of Satisfaction. It was not until the Plaintiffs filed their Response to the Defendant's Motion, that the Plaintiffs asked the Court to take judicial notice of the document. The complaint on its face does not allege sufficient facts of the nature and amount of the antecedent debt. Therefore, the Court will not consider the Certificate of Satisfaction. Plaintiff should have plead facts regarding the indebtedness being secured by a deed of trust on certain property and identified the obligation in more specific terms. The Plaintiffs' conclusory statement that the "transfer was for or on account of an antecedent debt owed by the Plaintiffs to the Defendant" does not sufficiently allege the nature and amount of the antecedent debt. *Compl.* ¶ 11.

To avoid a preferential transfer, the debtor must be insolvent on the date of the transfer. 11 U.S.C. § 547(b)(3). Section 101(32)(A) provides that a debtor is insolvent when "the sum of such entity's debts is greater than all of such entity's property, at a fair valuation . . . ." 11 U.S.C. § 101(32)(A). "Because a debtor must be insolvent on the date of the transfer in order for the [Plaintiff] to be successful in a claim based on § 547(b), it follows that the [Plaintiff] must allege facts sufficient to show that such insolvency is plausible." *Ber Care, Inc.*, 409 B.R. at 752. In its

Motion, JPMorgan requests that the Court take judicial notice of the Plaintiffs' Summary of Schedules, which is a matter of public record and filed on the docket in the Plaintiffs' bankruptcy case. The court may take judicial notice of documents attached to the motion to dismiss and documents of public record. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Norfolk S. Ry. Co. v. Shulimson Bros. Co., Inc.*, 1 F. Supp. 2d 553, 555 n.1 (W.D.N.C. 1998). The Summary of Schedules filed in the Plaintiffs' bankruptcy case indicate that as of the petition date, the Plaintiffs' assets exceeded their liabilities by over $460,000.00. In their Response, the Plaintiffs contend that retirement account funds totaling $738,117.52 as listed on Schedule B should be deducted from the total assets when determining the Plaintiffs' solvency. As such, the Plaintiff asserts that once exempt retirement account funds are removed from the total assets, the Plaintiffs' assets are $270,339.83 less than their liabilities. These are facts Plaintiffs should have plead in regard to the essential element of insolvency. Here, the complaint provides "[t]he Plaintiffs were insolvent at the time of the transfer." *Compl.* ¶ 12. Based on the Schedules, this conclusory statement, "fail[s] to satisfy the requirements under *Iqbal*." *Beaman v. Barth, et al.* (*In re Amerlink, Ltd.*) AP No. 10-00164-8-JRL at 8 (Bankr. E.D.N.C. Mar. 11, 2011). The complaint does not set forth any factual allegations as to this element.

    Additionally, the Plaintiffs must assert that the transfers were made on or within ninety (90) days before the petition date. The debtor is presumed to be insolvent during the ninety (90) days prior to the petition date. 11 U.S.C. § 547(f). The complaint fails to allege sufficient factual allegations to support the claim that the transfers were made on or within ninety (90) days before the petition date. The single factual allegation states that the "Plaintiffs made a payment of $150,150.00 to Defendant on October 18, 2010." *Compl.* ¶ 6. The word "payment" and the word

7

"transfer" are not necessarily synonymous. October 18, 2010, is eighty-eight (88) days prior to the petition date. The complaint does not allege any facts demonstrating how the "transfer" was accomplished such as the method of payment, whether by check, cashier's check, money order, trust account check or any other form of payment or credit. Further, the complaint does not specify whether October 18, 2010 is the date JPMorgan received the payment, the date the Plaintiffs put a check in the mail, or whether this is the date the payment, if made by check, was honored. Here, the date the transfer occurred is necessary because the date the "Plaintiffs made a payment" was October 18, 2010, eighty-eight (88) days before the petition date. A three day difference in the "payment" verses the facts constituting the "transfer" could be fatal to Plaintiffs' complaint. "The date on which the alleged transfer occurred is critical to ascertaining whether the transfer is subject to avoidability under § 547." *Ber Care, Inc.*, 409 B.R. at 752. Therefore, the Plaintiffs have failed the heightened pleading requirements as to the element that the transfers were made on or within ninety (90) days before the petition date.

To avoid a transfer pursuant to 11 U.S.C. § 547(b) the Plaintiff must establish that the alleged preferential transfer enabled the creditor to receive more than it would have received under chapter 7. 11 U.S.C. § 547(b)(5). The complaint provides, "[t]he transfer, if not avoided, would enable the Defendant to receive more than it would receive if this case were one under Chapter 7 of the United States Bankruptcy Code." *Compl.* ¶ 13. Here, the Plaintiffs allege no facts in support of this statement. There are no facts related to the value of JPMorgan's collateral and liens thereon contained in the complaint or in the Plaintiffs' Schedules. There are no alleged facts relating to a Chapter 7 Trustee's potential distribution to creditors. Therefore, the Plaintiffs have failed to allege a plausible claim for relief as to this element.

These "threadbare" recitals fall short of the heightened pleading requirements as enumerated by the United States Supreme Court in *Iqbal* and *Twombly* and as enunciated by this Court in *Ber Care, Inc.* Because the Court finds the complaint fails to allege sufficient factual allegations as to the elements of a preference claim under 11 U.S.C. § 547(b), the Motion to Dismiss the Adversary Proceeding is **GRANTED**, without prejudice for the Plaintiffs to move for leave to amend their complaint. The Court grants the Plaintiffs' oral motion for leave to amend. The Court grants the Plaintiffs twenty-one (21) days from the date of the entry of this order in which to file an amended complaint. Once the Plaintiffs have filed an amended complaint, the Defendant shall have twenty-one (21) days to file an answer or other responsive pleading.

**SO ORDERED.**

**END OF DOCUMENT**